STATE OF IOWA v. JAKE COPELAND, Appellant.

**Manslaughter:** EVIDENCE: *Sentence.* Deceased was insulting, threatening and violent towards accused, and was endeavoring to provoke a quarrel, which accused tried to avoid. Deceased pressed the quarrel so that they came together, and accused stabbed deceased four times with a pocket knife, causing death. There was some evidence that deceased had a razor, but none that he used it. Both were drunk, but had been friendly and on good terms, and accused assisted to carry deceased to his home. *Held,* that a verdict of manslaughter was warranted, but that sentence should be reduced from six to three years.

**Conduct of Jury:** NEW TRIAL. Statements of jurors, while deliberating, that accused "was a tough boy" and that his only witness was a "pretty bad boy, a hard drinker and a bad character," do not indicate prejudice, where the evidence shows their truth.

*Appeal from Fremont District Court.*—HON. A. B. THORNELL, Judge.

TUESDAY, OCTOBER 4, 1898.

THE defendant was indicted for the crime of murder in the first degree for the killing of one Albert McFarland on

the tenth day of December, 1896, and on the trial was con-
victed of the crime of manslaughter, and judgment of impris-
onment in the penitentiary at Fort Madison for the period
of six years rendered against him, from which judgment the
defendant appeals.—*Modified.*

W. E. Mitchell for appellant.

Milton Remley, Attorney General, and Jesse A. Miller
for the State.

GIVEN, J.—I. Defendant's counsel, appointed by the
court, being unprovided with means to prosecute this appeal,
and having submitted the case upon what seemed to be a brief
abstract and argument, we have resorted to the transcript of
the record and the evidence to find, after careful reading, that
the abstract, with that of the appellee, presents quite fully the
record in the case, and that the argument of counsel for
defendant presents all that may fairly be urged in his behalf.
It is first argued in behalf of the defendant that the court
erred in overruling his motion for a new trial upon the ground
of misconduct of the jury. The conduct complained
of is that while the jury was deliberating a juror
remarked of the defendant that he was a tough boy, and
another juror said of defendant's only witness that
he was a pretty bad boy, a hard drinker, and bad char-
acter. The evidence leaves no doubt as to the truth of these
statements. They were legitimate deductions from the evi-
dence, and do not even indicate prejudice on the part of the
jury.

II. It is next urged that the evidence is insufficient to
support the verdict. It shows that on the evening of Decem-
ber 10, 1896, the deceased, the defendant, and one other
person, while in a state of intoxication, went into a
restaurant in Hamburg; that deceased was insulting,
threatening and violent in his manner towards the
defendant, and was endeavoring to provoke a quarrel with the

defendant, which the defendant endeavored to avoid. The deceased pressed the quarrel so that he and defendant came together, and during the altercation the defendant inflicted four wounds on the deceased with a common pocketknife, one of which wounds punctured the intestines at four different places, which caused the death of the deceased the following morning. There is some evidence tending to show that deceased had a razor in his pocket but none that he attempted to use it. There is also testimony tending to show previous threats made by the deceased against the defendant, and which were communicated to the defendant some time prior to the altercation. We doubt the truth of this testimony, as it is apparent that the men were on friendly terms up to, and even after, the altercation. The defendant assisted in taking the deceased to his home after the wounds were inflicted. We are in no doubt that it was the drunken condition of the men, especially of the deceased, that prompted the quarrel, and not any previous hatred or animosity. While there is much to be said in mitigation of the conduct of the defendant, it cannot be justified under the law. He was not so pressed by his assailant as to be justified in using his knife as he did, knowing, as he must, that so using it was likely to cause death. The jury was fully warranted in returning the verdict that it did.

III. It is urged on behalf of the defendant that the penalty imposed, namely, six years' imprisonment in the penitentiary, is too severe, and should be reduced by this court. In view of the provocation under which the defendant acted, his effort to avoid the quarrel, and the manner in which it was pressed, we are of the opinion that the penalty should be modified to imprisonment for a term of three years.—MODIFIED and AFFIRMED.